Melba L. Harvey, the relator herein, is invoking the supervisory jurisdiction of this Court in order to obtain an order of appeal from the 20th Judicial District Court in and for the Parish of West Feliciana.
He had sued the defendant, L. Paul Ristroph, in that Court to have him deliver three steers which defendant had impounded and taken in his possession and refused to release unless plaintiff paid impounding fees which, it is alleged, were in excess of those which could be demanded under an ordinance of the Police Jury of the Parish of West Feliciana regulating such matters, and which fees as fixed by the ordinance had been tendered by him to the defendant. In connection with his demand to have the steers delivered to him, he had also asked for and obtained an order of sequestration under which they were seized, and in the prayer of his petition he asked that the said writ of sequestration be maintained, that he be recognized as owner of the steers and entitled as such to their possession, and further that he recover the sum of $25 as damages from the defendant for his illegal and wilful retention of his property. In his petition, plaintiff nowhere alleged what was the value of the said steers.
For answer to the demands made upon him, the defendant admitted that he had impounded, not three, but five of plaintiff's steers which, he alleges, he was holding in his possession because he had never been tendered any amount by the plaintiff for the damage caused by his said steers and the expenses incidental to having impounded them. Assuming then the position of a plaintiff in reconvention, the defendant set out in detail the depredation and damage occasioned to him by the plaintiff's cattle in breaking his fences, destroying his crop and also in having penned up five head of his cattle without taking proper care of them, as a result of which he lost a cow worth the sum of $50. He alleged that the damage to his crop amounted to the sum of $100 and that his pasture has been damaged to the amount of $20. In addition, he alleged that he had been put to the expense of $10 to have his broken fences repaired six times, for all of which damage, amounting to the sum of $180, he was entitled to recover judgment in reconvention against the plaintiff. After trial of the case in the Court below there was judgment in favor of the defendant and against plaintiff rejecting plaintiff's main demand, and there was further judgment in favor of the defendant on his reconventional demand in the sum of $40.
Within the proper delays, plaintiff moved for an order of appeal to this Court, which motion was overruled by the district judge, whereupon plaintiff served notice of his intention to apply to this Court for writs of mandamus and certiorari. Proper application was made by him and alternative writs issued herein directing the district judge to show cause why the relief sought for by the relator should not be granted.
In his application the relator avers that no specific amount was in contest and that under Article VII, Section 35, of the Constitution of this State, he is entitled to the appeal which he asked for and further, in the alternative, he avers that if the value of the steers for which he brought suit to obtain possession of, be made the basis of the appeal, he should have been permitted to prove their value which, he alleges, was far in excess of $100, and accordingly the district court had exclusive original jurisdiction of the demand and an appeal would lie to this Court. In his answer to the application, the Honorable H.H. Kilbourne, respondent judge, avers that no issue of ownership of the cattle was involved in the suit, and, to the best of his recollection, there was no offer made to prove their value. That seems to be the reason for which he refused to grant the plaintiff an appeal to this Court.
Under the situation which is now presented, we are of the opinion that the relator is entitled to the appeal which he is seeking. His allegation to the effect that he offered to make proof of the value of the three steers is not categorically denied by the respondent judge, who, as already noted, merely stated in answer to relator's allegation to that effect that "to the best of *Page 204 
his recollection" no offer to make such proof was made. Besides, if it be conceded that there was no such offer of proof tendered, in the relator's application as presented, there is an allegation sworn to by him to the effect that the value of his steers was "far in excess of $100.00", which of course would vest this Court with appellate jurisdiction to entertain his suit if appellate jurisdiction is based on that ground. He has therefore, in the form of an affidavit, supplied the proof required in order to bring his demand within the appellate jurisdiction of this Court.
As is frequently held, the right of appeal is a constitutional right which should not be denied except in cases in which it clearly appears that it cannot be granted. The right is always favored by the courts, and in this instance we think the relator is entitled to his appeal and to the relief which he is seeking through a writ of mandamus.
It is therefore ordered that the alternative writ of certiorari and mandamus heretofore issued by this Court on June 4, 1941, be now made peremptory, and it is further ordered that the Honorable H.H. Kilbourne, Judge of the 20th Judicial District Court in and for the Parish of West Feliciana, be ordered and commanded to grant to the relator, Melba L. Harvey, an order of appeal, suspensive, and in the alternative, devolutive, returnable to this Court upon such terms and conditions as the law fixes.
It is further ordered that the defendant herein, L. Paul Ristroph, be ordered to pay all the costs of this proceeding, all other costs to await the final determination of the case.