This case was previously before us on application for writs of certiorari and mandamus. On hearing, the writs were made peremptory, ordering and commanding the judge of the District Court to grant plaintiff a suspensive appeal from the judgment rendered. In that opinion, a complete statement of the pleadings and the result of the trial on the merits are set forth, and the consideration of the case at this time is by virtue of our prior decision. See State ex rel. Harvey v. Ristroph, 3 So.2d 202. The defendant has answered the appeal, praying for an increase of the judgment to $180, the original amount demanded in his reconventional demand, and as thus amended, that the judgment be affirmed.
Plaintiff's and defendant's pastures adjoin each other, a barb wire fence separating them. Either plaintiff's cattle were fencebreakers, or some one would make opening gaps in the fence to allow plaintiff's cattle to trespass on defendant's pasture and on an adjoining field. The defendant, becoming tired of such trespass, impounded five steers belonging to plaintiff and in accordance with the provisions of a police jury ordinance of the Parish of West Feliciana, gave notice to plaintiff that he had so impounded these steers. The plaintiff visited defendant's home for the purpose of redeeming his steers. Defendant being absent at this visit, he left word with defendant's son of the purpose of his visit. On a second visit, plaintiff was accompanied by a friend and the defendant was present. Plaintiff states that, at that time, he offered to pay to defendant the impounding fees as provided for under the parish ordinance and requested defendant to inform him of the amount or how much he owed him. He states that the defendant first stated that he owed him the sum of $2 per head, or $10, but that thereafter, after engaging in a quarrel, the defendant requested $10 per head, which amount plaintiff refused to pay. In this he is corroborated by the witness *Page 742 
who had accompanied him. On the other hand, defendant's version of this visit is that he told plaintiff that he would accept whatever impounding fee provided by the police jury ordinance, a knowledge of which neither he nor plaintiff had; that plaintiff was to obtain such knowledge and return and pay the amount prescribed; that plaintiff then asked the witness with him to go upon the premises and get the impounded steers, at which time defendant told plaintiff and his witness that if any one went on his premises for such a purpose, he would kill him. The record does not show any further dealing between them, and thereafter plaintiff filed this suit and obtained a writ of sequestration.
Plaintiff contends in this court, that he made a tender to the defendant of whatever he owed him in accordance with the police jury ordinance as an impounding fee. We are of the opinion that he made no such tender. He alleged that there were three steers impounded, while the evidence showed that there were five steers. He did not know, as shown by his testimony and that of his witness, the exact number of the steers, nor the amount of the impounding fee as fixed by the ordinance.
The quarrel had between the plaintiff and defendant, when plaintiff sought to obtain his impounded steers, appears indirectly to have brought about the reconventional demand of defendant. It appears that some of defendant's cattle strayed, through a gap in the fence, the cause of this gap not being exactly shown, but left with many insinuations, on plaintiff's pasture. These cattle were penned by plaintiff, all apparently unknown to defendant. Plaintiff testified that he sent a message of such impounding to defendant by two persons, one a deputy sheriff of the parish, and the other a negro; both of these individuals deny that such a message was given them. On the contrary, it appears to us that plaintiff purposely refrained from giving defendant any notice of such impounding of defendant's cattle. When defendant did find out that these cattle had been penned or impounded for some three days, without feed or water, he removed them, save and except a cow, which was in such condition that it could not be moved. This cow was allowed to remain in the pen and died on the same day that the other cattle were removed, or on the day following. The fact that this cow was in a pen of plaintiff, without feed or water and was in such condition that it could not be removed with the other cattle and died on the premises of plaintiff, to us clearly shows that its death was caused by the negligence of the plaintiff, and it is also shown that this cow had a value of $35, and therefore the award by the district court of $35 for this item is correct.
We also agree with the award of $5 to defendant by the district judge to cover impounding fees, which amount is in accordance with the police jury ordinance.
As to defendant's claim for damages to his crop of $100, damage to his pasture of $20, and $10 for his broken fences, requiring repairs six times, we agree with the lower court that there is no evidence proving such items.
Suffice it to say that this case involves purely questions of fact, and since we cannot find any manifest error in the findings of the trial judge, we must affirm his judgment, and it is so ordered.
LeBLANC and OTT, JJ., concur.